**MEI Y. CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–2956–ag.

United States Court of Appeals, Second Circuit.

Dec. 4, 2006.

Troy Nader Moslemi, Miami, FL, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, Precious Murchison, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL and Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner Mei Y. Chen, a native and citizen of China, seeks review of a May 10, 2005 order of the BIA affirming the April 21, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom, denying her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mei Y. Chen,* No. A 96 191 713 (BIA May 10, 2005), *aff'g* No. A 96 191 713 (Immig. Ct. N.Y. City April 24, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

The IJ determined that Chen had nothing to do with Falun Gong, and had not

been involved in any activities or events that related to the promotion of Falun Gong. Additionally, the BIA found that there was no basis in the record to infer that the Chinese police identified Chen as a Falun Gong practitioner. An "applicant must also show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief." *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005) (citing *INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). This Court held in *Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005) that "an imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution within the meaning of the Immigration and Nationality Act." *Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005).

In order for Chen to have established that she was targeted by the Chinese government on account of a political opinion that they imputed to her, she must have presented some evidence that the police arrested her because they believed she was a Falun Gong supporter, and not just because she illegally sold Falun Gong books. Chen was given several opportunities at the hearing to explain why the police sought her out for arrest, yet she testified only that she was arrested for selling Falun Gong books illegally. At no point in the hearing did Chen allege that the Chinese police officers accused her of being a Falun Gong practitioner or supporter. Since Chen's argument for well-founded fear is based entirely on the same threats it must fail as well.

Because Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gon-*

*zales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir. 1991).

Chen does not challenge the agency's finding that she does not qualify for CAT relief. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang,* 426 F.3d at 542 n. 1, 546 n. 7.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).